**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| BLUEBONNET TELECOMMUNICATIONS L.L.C., | CIVIL ACTION NO. |
| Plaintiff, | |
| v. | **JURY TRIAL DEMANDED** |
| SHORETEL, INC., | |
| Defendant. | |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Bluebonnet Telecommunications, L.L.C. ("Bluebonnet") files this original complaint against the above-named ShoreTel, Inc. ("ShoreTel"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

**PARTIES**

1.     Bluebonnet is a corporation formed under the laws of the State of Texas, with a principal place of business in Longview, Texas.

2.     Defendant ShoreTel is a corporation organized under the laws of the State of Delaware, with a place of business in Austin, TX.  Upon information and belief, Defendant ShoreTel is authorized to do business in Texas.   ShoreTel may be served by serving its registered agent CT Corporation System at 350 North St. Paul St., Dallas, TX 75201.

**JURISDICTION AND VENUE**

3.      This is an action for infringement of a United States patent arising under 35 U.S.C. §§ 271, 281, and 284–85, among others.  This Court has subject matter jurisdiction of the action under 28 U.S.C. §1331 and §1338(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b). Upon information and belief, ShoreTel has transacted business in this district and has committed, by itself or in concert with others, acts of patent infringement in this district.

5.      ShoreTel is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to ShoreTel's substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

**COUNT I**

**INFRINGEMENT OF U.S. PATENT NO. 5,485,511**

6.      On January 16, 1996, United States Patent No. 5,485,511 ("the 511 patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Method and Apparatus for Determining the Telephony Features Assigned to a Telephone."

7.      Bluebonnet is the owner of the 511 patent with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the 511 patent against infringers, and to collect damages for all relevant times.

8.      ShoreTel, directly or through its customers and/or intermediaries, made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products and/or systems (including for example, the ShoreTel 420, 480, 480G, and 485G) that infringed one or more claims of the 511 patent.  Specifically, ShoreTel's accused products and/or systems have features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding) are activated.

9.      ShoreTel has and is directly infringing the 511 patent.

## ADDITIONAL ALLEGATIONS REGARDING INDIRECT AND WILLFUL INFRINGEMENT

10.      ShoreTel has and is indirectly infringing the 511 patent, both as an inducer of infringement and as a contributory infringer.

11.      The direct infringement underlying ShoreTel's indirect infringement consists of the use of the accused component features by end-user customers.

12.      ShoreTel induces end-user customers to use the accused phones, and specifically to use them in a manner that infringes the 511 patent.  ShoreTel does so by (1) providing instructions to their customers that explain how to use the component features of the accused devices that are accused of infringement (specifically those features that allow a user to determine whether certain telephony features (*e.g.*, call forwarding) are activated; and (2) by directing, touting, and advertising these accused features of its phones.

13.      ShoreTel has contributed to the infringement of the 511 patent by end-user customers by making and selling the phones with the accused component features.  The accused component features of its phones are especially made for use by end-user customers in infringement of the 511 patent and have no substantial use other than infringing the 511 patent.  In particular, the component features that allows a user to

3

determine whether certain telephony features (*e.g.*, call forwarding) are activated. These components in the accused products constitute a material part of the invention of one or more asserted claims of the 511 patent and are not staple articles of commerce suitable for substantial non-infringing use. The use of these features by end-users of the phones for their intended and directed purpose necessarily results in infringement of the 511 patent.

14.     ShoreTel has and will have knowledge of the 511 patent, as well as the fact that its customers' use of its phones infringe the 511 patent, since at least as early as the filing of this lawsuit.

15.     Additionally, through its policies and practices of not investigating whether its phones' various component features infringed the patents of others, ShoreTel intentionally took steps to avoid learning the extent of its infringement of the intellectual property rights of others, such as Bluebonnet, despite its belief that there was a high probability that its actions constituted infringement. Thus, ShoreTel was willfully blind to the existence of the 511 patent, prior to the filing of this lawsuit. ShoreTel, also being extensively involved in the relevant telephone hardware and software systems of its customers and/or suppliers, had sufficiently detailed knowledge of the related activities of its customers and/or suppliers to know that these acts constituted infringement, yet took the above steps to cause infringement regardless.

16.     ShoreTel therefore induces/induced and contributes/contributed to acts of direct infringement with the specific intent that others would infringe the 511 patent.

17.     For the same reasons, ShoreTel's infringement has been and continues to be willful. Indeed, ShoreTel has acted and continues to act in the face of an objectively high

likelihood that its actions constitute infringement of a valid patent or with reckless disregard of that likelihood.

## JURY DEMAND

Bluebonnet hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

Bluebonnet requests that the Court find in its favor and against ShoreTel and that the Court grant Bluebonnet the following relief:

a.      Judgment that one or more claims of the 511 patent have been infringed, either literally and/or under the doctrine of equivalents, by ShoreTel and/or all others acting in concert therewith;

b.      A permanent injunction enjoining ShoreTel and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the  511 patent;

c.      Judgment that ShoreTel accounts for and pays to Bluebonnet all damages to and costs incurred by Bluebonnet because of ShoreTel's infringing activities and other conduct complained of herein;

d.      That Bluebonnet be granted pre-judgment and post-judgment interest on the damages caused by ShoreTel's infringing activities and other conduct complained of herein;

e.      That this Court declare this an exceptional case and award Bluebonnet its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

f.      That Bluebonnet be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: February 19, 2014                Respectfully submitted,

/s/ Elizabeth L. DeRieux
Matthew J. Antonelli
Texas Bar No. 24068432
matt@ahtlawfirm.com
Zachariah S. Harrington
Texas Bar No. 24057886
zac@ahtlawfirm.com
Larry D. Thompson, Jr.
Texas Bar No. 24051428
larry@ahtlawfirm.com
Cory C. Johnson
Texas Bar No. 24046162
cory@ahtlawfirm.com
Califf T. Cooper
Texas Bar No. 24055345
califf@ahtlawfirm.com
ANTONELLI, HARRINGTON &
THOMPSON LLP
4200 Montrose Blvd., Ste. 430
Houston, TX 77006
(713) 581-3000

S.  Calvin Capshaw, III
State Bar No. 03783900
Email:  ccapshaw@capshawlaw.com
Elizabeth L. DeRieux
State Bar No. 05770585
Email:  ederieux@capshawlaw.com
D. Jeffrey Rambin
State Bar No. 00791478
Email:  jrambin@capshawlaw.com
CAPSHAW DERIEUX, LLP
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787

*ATTORNEYS FOR PLAINTIFF*
*BLUEBONNET TELECOMMUNICATIONS L.L.C.*

6